# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re:* **C.R.**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 16-0111** (Randolph County 14-JA-23)

## MEMORANDUM DECISION

Petitioner Father J.R., by counsel Phillip S. Isner, appeals the Circuit Court of Randolph County's January 6, 2016, order terminating his parental rights to eight-year-old C.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of petitioner's appeal. The guardian ad litem ("guardian"), Jeremy B. Cooper, filed a response on behalf of the child partially in support of petitioner's appeal and partially in support of the circuit court's order.[2] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in failing to: (1) enforce the parties' negotiated agreement as it related to disposition; (2) accept the guardian's recommendation as to disposition; and (3) make statutorily required findings with regard to the termination of his parental rights.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II,* 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.,* 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian argues that the circuit court erred in failing to enforce the parties' negotiated disposition in accordance with Rule 33 of the West Virginia Rules of Procedure for Child Abuse and Neglect.

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

1

In August of 2014, the DHHR filed an abuse and neglect petition against the children's parents alleging that they used excessive corporal punishment in disciplining their children, which resulted in bruising. [4] Specifically, petitioner smacked V.R. on her buttock with his hand and a spoon no less than fifteen times. The mother admitted that she has a plastic kitchen spoon, which she calls "the friend," with which she threatens the children. The DHHR also alleged that the mother threatened to place a combination of soap and vinegar in V.R.'s mouth as a form of punishment. Petitioner waived his right to a preliminary hearing.

In December of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated that he abused the children through the use of physical discipline which created a substantial risk of bodily injury. [5] Accordingly, the circuit court adjudicated petitioner as an abusive parent. The circuit court denied petitioner visitation with the children.

The DHHR filed a motion to terminate petitioner's parental rights, and a dispositional hearing was scheduled for February 19, 2015. Thereafter, the circuit court granted petitioner's motion for a continuance and rescheduled the hearing for March 17, 2015. Prior to this hearing, the Honorable David Wilmoth voluntarily disqualified himself, as he was the guardian ad litem for petitioner's children during the prior adoption proceedings. Thereafter, the dispositional hearing was rescheduled to April 30, 2015.

In April of 2015, the circuit court held a dispositional hearing. Prior to this hearing, the parties negotiated an agreed upon disposition in which petitioner agreed to voluntarily relinquish his parental rights to his five adopted children and transfer legal guardianship of his biological child, C.R., to his maternal grandparents. Moments before the hearing, the prosecutor stated that the agreement was not possible because the Child Protective Services supervisor had not approved the offer citing that it was in C.R.'s best interests to be adopted by his maternal grandparents. During this hearing, the circuit court declined ruling upon petitioner's motion to enforce the parties' agreement. After several continuances, the circuit court held a dispositional hearing on September 4, 2015, during which petitioner voluntarily relinquished his parental rights to his five adopted children. A final disposition as to C.R. was set for October 1, 2015.

---

[4] Prior to the initiation of the underlying proceedings, petitioner adopted five children, including V.R., who was sexually abused before petitioner adopted her. In September of 2015, petitioner voluntarily relinquished his parental rights to his adopted children. As such, they are not subject to this appeal.

[5] While there were no allegations of abuse or neglect specifically related to C.R., we have explained that

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W.Va.Code, 49-1-3(a) (1994).

Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

During the October dispositional hearing, the parties agreed to present their arguments and waived their right to present evidence. The DHHR maintained that it was in C.R.'s best interest to terminate petitioner's parental rights so that C.R. could be adopted by his maternal grandparents. All other parties proffered that it was in C.R.'s best interest to place him in a legal guardianship with his maternal grandparents. The guardian proffered C.R.'s desire to have contact with his parents and "maintain his associational family interest with his parents." Following arguments by counsel, the circuit court terminated petitioner's parental rights upon a finding that it is in the best interests of C.R. so that he can be adopted by his maternal grandparents. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal petitioner argues that the circuit court erred in failing to enforce an agreement whereby petitioner and the DHHR agreed to allow the child's maternal grandparents to obtain legal guardianship of C.R. Similarly, petitioner argues that the circuit court erred in not accepting the guardian's recommendation to allow the maternal grandparents to obtain legal guardianship of C.R. However, the circuit court found that terminating petitioner's parental rights was in C.R.'s best interests. In discussing the best interests of the child, we have held that "'[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). We have also held that, "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

In this case, the circuit court considered the parties' proffered positions regarding the appropriate disposition during the dispositional hearing and also considered the child's wishes regarding disposition. Circuit courts are not required to accept any agreed upon disposition or

recommendation of the guardian that is not in the best interests of the child. Accordingly, we find that the circuit court did not err in denying the parties' alleged agreement granting the maternal grandparents guardianship of C.R. because it determined it was not in the child's best interests.

Finally, petitioner argues that the circuit court failed to make all statutorily required findings with regard to the termination of his parental rights and failed to timely enter the dispositional order. With regard to the Rules of Procedure for Child Abuse and Neglect Proceedings, this Court has stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

The findings that petitioner complains were missing from the dispositional order include whether continuation in petitioner's home was in C.R.'s best interests, why reunification was not in C.R.'s best interests, and whether DHHR made reasonable efforts to preserve the family. While West Virginia Code § 49-4-604(b)(6) does direct that these findings be made in a dispositional order terminating parental rights, given the special and limited circumstances of this case we find no reversible error. Importantly, these issues were not being challenged at the dispositional hearing. Both parents already conceded to transfer legal guardianship of C.R. to his maternal grandparents. The only issue in dispute was whether the grandparents would legally adopt C.R. following the termination of petitioner's parental rights, or whether petitioner would transfer legal guardianship of C.R. to the maternal grandparents reserving his right to later move the circuit court to modify this disposition. After hearing the proffers of all parties, the circuit court found that terminating petitioner's parental rights was in C.R.'s best interests. As noted above, "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989)." *Kristopher O. v. Mazzone*, 227 W.Va. 184, 192, 706 S.E.2d 381, 389 (2011). Moreover, although the circuit court did not enter the dispositional order within the ten day timeframe required by Rule 36 of the Rules of Procedure for Child Abuse and Neglect Proceedings, the delay had no impact on the child who was already living with his grandparents. Given the specific facts of this case, we find that the abuse and neglect procedures were not substantially disregarded or frustrated and vacation is not required. *See* Syl. Pt. 5, *Edward B.*, 210 W.Va. 621, 558 S.E.2d 620.

For the foregoing reasons, we find no error in the circuit court's January 6, 2016, order, and hereby affirm the same.

Affirmed.

**ISSUED:** June 21, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II